IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KORI WARE, an individual; et al.,

       Plaintiffs,                            Civ. No. 6:17-cv-01287-MC

       v.                                                  ORDER

NORTH CENTRAL INDUSTRIES, INC.
a foreign corporation, et al.,

       Defendants.
_____

MCSHANE, Judge:

       Plaintiffs bring this negligence and products liability action alleging they suffered injuries from fireworks distributed by defendant North Central Industries, Inc. Plaintiffs brought similar claims against the retailer of the fireworks. North Central removed this action, alleging at least some of the claims raised substantial questions under, and were completely preempted by, federal law. Plaintiffs move to remand, arguing this Court lacks subject matter jurisdiction over this action raising claims under only state law. For the reasons discussed below, plaintiffs' motion to remand, ECF No. 8, is GRANTED.[1]

---

[1] North Central's request for oral argument is denied as unnecessary.

# BACKGROUND[2]

In 2015, plaintiffs purchased fireworks known as "California Candles" from defendant Fundz 4 Kidz, Inc., a fireworks retailer. On June 24, 2015, North Central sent a letter to Fundz 4 Kidz informing the retailer its California Candles were known to "misfire" and could burn and injure users. North Central stated the "risk to the public" required the fireworks to be removed from sale immediately, and anyone who purchased the fireworks should be warned to not use the product. Compl., ¶ 8. Fundz 4 Kidz continued to sell the fireworks and did not warn customers who already purchased the fireworks of the known danger. As alleged by plaintiffs:

> After sending the June 24 letter to [defendant] Aaron Taylor and F4K, defendant NC Industries apparently believed that it had no responsibility to further warn families who purchased its products, and accordingly did not perform a formal recall of the product, did not perform any outreach to potential fireworks users about the dangers of the California Candles, and did not follow up with retailers, including F4K, to ensure that they were taking the steps necessary to account for the dangerous products and prevent harm to families celebrating the national holiday. Instead, defendant NC Industries waited five months after all sales of the California Candles for the 2015 holiday were final and after numerous adults and children were burned by the product to make a formal public recall of the product through the Consumer Safety Protection Commission.

Compl., ¶ 9.

Oblivious to the danger, plaintiffs used the fireworks and were injured. Some of the plaintiffs are minors. The fireworks contained warning labels advising children could use the fireworks under "adult supervision." Compl. ¶ 12. The allegations from the various plaintiffs are essentially the same. They each allege North Central was negligent when it chose to:

(a) Distribute California Candles that could malfunction and burn users;

(b) Not adequately warn retailers against selling California Candles;

(c) Not adequately warn consumers against using the California Candles;

---

[2] The Court takes the facts as alleged the complaint.

2 –ORDER

> (d) Not contanct the Consumer Product Safety Commission to perform a national recall before the July 4th holiday;
>
> (e) Not adequately publicize the dangers of the California Candles after distributing them for sale; and
>
> (f) Sell California Candles with labels indicating that they could be held when lit and used near or by children.

Compl., ¶ 13.

As with the negligence claims, plaintiffs' strict product liability claims are essentially the same. Plaintiffs allege defendants sold and distributed products in a defective condition unreasonably dangerous to consumers. The fireworks reached consumers without substantial change in the condition North Central sold them. Defendants failed to provide plaintiffs non-defective products, or adequate warnings and instructions. Compl., ¶ 23.

As noted, North Central removed the action under 28 U.S.C. §§ 1331 and 1441(a), alleging this Court has federal question jurisdiction because the complaint presents substantial federal questions and claims that are completely preempted by federal law. Notice of Removal; ECF No. 1. Arguing this Court lacks jurisdiction, plaintiffs moved to remand.

## STANDARD OF REVIEW

A defendant may remove a civil action from state court to federal district court if the federal court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, when the court lacks diversity jurisdiction, removal is proper only when the court has federal-question jurisdiction over the subject matter of the complaint. *Caterpillar Inc. v. Willaims*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (internal quotations and citation omitted). In the context of the well-pleaded complaint rule, federal-question jurisdiction meant the complaint itself "establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). In order to arise under federal law, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* (alteration omitted).

In nearly all cases, "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question at issue." *Id.* at 393. The exception comes when a federal statute completely preempts state common law, turning the action into a federal one under the well-pleaded complaint rule. *Id.* (citing *Metropolitan Life Ins. Co. v Taylor*, 481 U.S. 58, 65 (1987)).

If, following removal, the court determines it lacks original jurisdiction, and that the case was therefore improperly removed, it must remand the matter to state court. 28 U.S.C. § 1447(c); *Franchise Tax Bd.*, 463 U.S. at 8. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

/ / / /

/ / / /

**DISCUSSION**

The parties agree plaintiffs did not include, or even mention, any federal law in the complaint. The parties also agree that the two specific claims pleaded, negligence and strict product liability, are state claims. North Central argues that plaintiffs' claims present substantial federal questions and therefore "arise under" federal law. Additionally, North Central argues some of the claims are completely preempted by federal law. I disagree.

North Central argues plaintiffs' complaint "makes repeated references to, and is necessarily predicated on, the interpretation of federal statutes and regulations." Obj. to Motion to Remand, 4. In support of this argument, North Central points out that under federal law, all warnings for fireworks are established by the Consumer Products Safety Commission (CPSC). Because North Central has no discretion regarding what warnings to include on the fireworks, North Central argues that by alleging it did not adequately warn customers of the alleged danger, plaintiffs actually challenge how the CPSC carried out its regulatory duties under federal law. As stated by North Central:

> Thus, to prevail on this claim, Plaintiffs must prove that the CPSC failed to perform its federal regulatory duties; *e.g.*, failed to ensure that hazardous substances are kept from consumers, and that the CPSC directed warning and usage labels were inadequate when reviewed by and followed by the minor Plaintiffs' fathers.

Obj. to Motion to Remand, 7.

This argument stretches the allegations found in the complaint. The complaint contains no allegations that the CPSC is not performing its obligations to protect the public. Rather, this case contains garden variety negligence claims: that the distributor of a product did not exercise reasonable care in warning customers about a known or suspected product defect. Despite the fact that the CPSC obtains its obligation to regulate fireworks under federal statutes, plaintiffs' state law negligence claims concerning firework distribution do not automatically "arise under"

5 –ORDER

federal law. Plaintiffs' complaint contains no citation to any federal law. Any connection to the CPSC is tangential at best. The federal firework regulations are in no way "an element," let alone "an essential one, of the plaintiff's cause of action. *Franchise Tax Bd.*, 463 U.S. at 10.

Although the CPSC closely regulates fireworks—including testing the fireworks and controlling the content, size and placement, of any approved fireworks—this fact does not mean that no firework distributor can be found negligent in state court for any harm arising from an approved firework based on a negligent warning theory. This case, like many negligence cases, could well depend on what North Central knew and when, and what it did once it learned of the alleged defect. The complaint alleges North Central did not do all that it reasonably should have done, perhaps because (one presumes) had it acted in an appropriate manner, North Central would have lost out on perhaps its best sales week of the year. These state law claims do not necessarily involve the CPSC at all.

While North Central adequately provides citations to the federal laws governing CPSC's authority and obligations, it provides little to no analysis of any cases analyzing when a state claim "arises under" federal law. After quoting allegations from the complaint, and detailing the Consumer Products Safety Improvement Act of 2008, North Central authoritatively states:

> Thus, Plaintiffs' contention Defendants failed to properly warn and instruct customers, when those warning and instructions are mandated by a federal Agency, raises a substantial federal question, supporting original jurisdiction in the federal district courts. *See, e.g., Grable, supra,* 545 U.S. at 314-15 (state law challenging the compatibility of federal agency's action with federal statute supported removal)[.]"

Notice of Removal, 12.

Upon reading the cited case, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), it becomes clear why North Central provided no actual analysis of the case.

*Grable* convincingly establishes that the claims here do not provide the court with federal question jurisdiction.

In *Grable*, the plaintiff brought a quiet title action in state court, arguing the IRS violated the personal service requirements in the federal statute authorizing the IRS to seize real property to satisfy a federal tax delinquency. Plaintiff, the owner of the property before the seizure, argued the purchaser of the property at auction therefore lacked clear title to the property. The purchaser of the property removed the action, arguing that because the outcome of the case turned on the interpretation of the notice requirement in a federal tax law, the case presented a federal question sufficient to vest subject matter jurisdiction in the district court.

The Court discussed the lengthy history of allowing federal courts to decide certain "state-law claims that implicate significant federal issues." *Id*. at 312. The Court noted that while federal courts were not completely prohibited from hearing actions involving only state-law claims:

> neither have we treated "federal issue" as a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

*Id.* at 314.

The plaintiff there "premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law." *Id.* at 314-15. The interpretation of the federal statute was not only disputed, "it appears to be the only legal or factual issue contested in the case." *Id.* at 315. The IRS, along with potential buyers, needed clear and uniform resolution of notice requirements to ensure good title to seized properties. Therefore, the facts there justified the somewhat rare case where a complaint based purely on state-law claims presented substantial federal questions vesting the district court with subject matter jurisdiction.

The garden variety negligence and product liability claims here—despite the fact that warnings for fireworks are proscribed by federal law and the CPSC—are a far cry from the significant federal implications of the "only legal or factual issue contested" in *Grable*. First, the CPSC mandated warnings are, at best, only tangentially relevant to plaintiffs' claims. Second, plaintiffs do not present some general challenge or interpretation of the CPSC warning labels. The general adequacy of those warnings are not "actually disputed" in this case. Rather, the dispute here is whether the warnings were appropriate considering North Central's knowledge of the defect, along with the question of when North Central knew or reasonably should have known of the defect. Simply put, this case is not "the rare exception to the general rule that federal-question jurisdiction exists only where there is a federal cause of action." *Oregon ex rel. Kroger v. Johnson & Johnson*, 832 F.Supp.2d 1250, 1255 (D. Or. 2011).

North Central's argument that federal law completely preempts some of plaintiffs' claims is equally meritless. Under the well-pleaded complaint rule, federal preemption, because it is typically a defense, is not sufficient to vest federal question jurisdiction on district courts. *Oregon ex rel. Kroger*, 832 F.Supp.2d at 1258. "Complete preemption," however, is a narrow exception to that general rule. *Id.* "Complete preemption" results when Congress "so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "[C]omplete preemption is extremely rare, and in cases involving other statutes [than the Labor Relations Management Act, ERISA, or the National Bank Act], 'the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court.'" *Oregon ex rel. Kroger*, 832 F.Supp.2d at 1258 (quoting *Metropolitan Life*, 481 U.S. at 67-68 (Brennan, J., concurring)).

North Central argues:

> The Consumer Product Safety Act generally prohibits states from enacting or enforcing a safety standard or regulation which is already covered by the Act. 15 U.S.C. § 20175(a). Any exception to the general preemption rule must be explicitly approved by the CPSC. 15 U.S.C. § 2075(c). The Act regulates recalls of every "product or substance over which the [CPSC] has jurisdiction under any other Act enforced by the [CPSC]." 15 U.S.C. § 2064(b). Because the Act regulated such recalls and there are no applicable exemptions, any conflicting state laws are preempted by the Act.
>
> In contending that North Central Industries was negligent by choosing to "[n]ot contact the [CPSC] to perform a national recall before the July 4th holiday," *Complaint*, ¶ 28(j), Plaintiffs are seeking to insert themselves, and a state-court jury, into a fully preempted field. In essence, Plaintiffs are crafting a private right of action for failure to comply with this federal statute, despite the statute's language (and existing federal Court interpretation) that no such private right exists. Through the Consumer Product Safety Act, the CPSC has exclusive authority regarding the initiation and scope of a product recall and states are generally prohibited from enacting or enforcing a different standard.

Obj. to Motion to Remand, 8.

North Central overlooks the fact that plaintiffs do not rely on any Oregon statute imposing greater requirements on distributors of fireworks than imposed by the CPSA. North Central appears to argue that a fireworks distributor could negligently ignore any defect in its products until the lucrative Fourth of July sales end, and avoid liability on state-law negligence claims by later complying with general CPSC regulations for product recalls. As discussed above, plaintiffs' state-law claims revolve around what North Central knew, when it knew it, and whether the actions it took where reasonable in light of what it knew. None of plaintiffs' claims are preempted by federal law. Additionally, far from completely preempting any state law claims, the CPSA expressly "affirms the 'traditional role of the States' in providing remedies for dangerous products." *In re All Terain Vehicle Litigation*, 979 F.2d 755, 757 (9th Cir. 1992) (quoting 15 U.S.C. § 2074(a), providing that "[c]ompliance with consumer product safety rules or other rules or orders . . . shall not relieve any person from liability at common law or under

State statutory law to any other person."). Congress has not clearly created removal jurisdiction over the state-law claims plaintiffs bring here.

## CONCLUSION

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. North Central has not met its burden to establish that removal was proper. *Id.* Therefore, I must remand this matter to state court. 28 U.S.C. § 1447(c); *Franchise Tax Bd.*, 463 U.S. at 8. Plaintiffs' motion to remand, ECF No. 8, is GRANTED.[3]

IT IS SO ORDERED.

DATED this 20th day of November, 2017.

        /s/ Michael McShane      
Michael J. McShane
United States District Judge

---

[3] Although plaintiffs violated LR7-1 by not conferring before filing the motion, I decline to deny the motion on that basis.